UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x
JOHN MARSHALL EVERETT, PAMELA A.             :
KRAMER, and WALTER W. LAWRENCE, on           :
Behalf of Themselves and all Other Similarly :
Situated,                                    :    05 CV 00296 (DAB)
                                             :    ECF CASE
                 Plaintiffs,                 :
                                             :    **ORAL ARGUMENT REQUESTED**
         v.                                  :
                                             :
MICHAEL BOZIC, EDWIN J. GARN, WAYNE          :
E. HEDIEN, DR. MANUEL H. JOHNSON,            :
JOSEPH J. KEARNS, MICHAEL E. NUGENT,         :
FERGUS REID, CHARLES A. FIUMEFREDDO,         :
JAMES F. HIGGINS, MORGAN STANLEY             :
DEAN WITTER & CO., INC., MORGAN              :
STANLEY INVESTMENT ADVISORS, and             :
JOHN DOES No. 1 through 100,                 :
                                             :
                 Defendants.                 :
                                             :
———————————————————————x


**MEMORANDUM OF LAW IN SUPPORT OF THE INDEPENDENT
TRUSTEE DEFENDANTS' MOTION TO DISMISS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATMENT............................................................................................2

ARGUMENT.......................................................................................................................2

CONCLUSION ...................................................................................................................5

# TABLE OF AUTHORITIES

## CASES

*Allied Freightways, Inc. v. Cholfin*,
  91 N.E.2d 765 (Mass. 1950)................................................................................................5 n.3

*Burks v. Lasker*,
  441 U.S. 471 (1979) ......................................................................................................3 n.2, 4

*Harhen v. Brown*,
  730 N.E.2d 859 (Mass. 2000).........................................................................................................3

*Parish v. Maryland & Virginia Milk Producers Ass'n*,
  242 A.2d 512 (Md. 1968)................................................................................................5 n.3

*Rosenblatt v. Getty Oil Co.*,
  493 A.2d 929 (Del. 1985)...................................................................................................4

*Wittman v. Crooke* ,
  707 A.2d 422 (Md. Ct. Spec. App. 1998) .........................................................................3

## STATUTUES

15 U.S.C. § 80a-36 ...........................................................................................................2, 3 n.2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
JOHN MARSHALL EVERETT, PAMELA A.
KRAMER, and WALTER W. LAWRENCE, on  :
Behalf of Themselves and all Other Similarly
Situated, :

           Plaintiffs, :

           v. :    05 CV 00296 (DAB)
                                      ECF CASE

MICHAEL BOZIC, EDWIN J. GARN, WAYNE E. :
HEDIEN, DR. MANUEL H. JOHNSON, JOSEPH    **ORAL ARGUMENT REQUESTED**
J. KEARNS, MICHAEL E. NUGENT, FERGUS :
REID, CHARLES A. FIUMEFREDDO, JAMES F.
HIGGINS, MORGAN STANLEY DEAN WITTER
& CO., INC., MORGAN STANLEY
INVESTMENT ADVISORS, and JOHN DOES No.
1 through 100,

           Defendants.

------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF THE INDEPENDENT TRUSTEE DEFENDANTS' MOTION TO DISMISS

      Defendants Michael Bozic, Edwin Garn, Wayne Hedien, Dr. Manuel Johnson, Joseph Kearns, Michael Nugent and Fergus Reid (collectively, the "Independent Trustees"), submit this memorandum of law in support of their motion to dismiss the Complaint in this action.[1] The Independent Trustees also join in and incorporate by reference, to the extent applicable, the arguments set forth in the memorandum of law filed by the institutional defendants (the "Morgan Stanley Motion").

---

[1] A copy of the Complaint is attached as Exhibit A to the Declaration of Yehudis Lewis dated June 8, 2005.

## **PRELIMINARY STATEMENT**

Plaintiffs, who are investors in two unspecified funds maintained by Morgan Stanley Dean Witter & Co., Inc. ("Morgan Stanley"), bring this action on behalf of themselves and investors in over eighty other unspecified Morgan Stanley funds to recover a share in the proceeds of certain class action settlements, which plaintiffs guess some of these unspecified Morgan Stanley funds would have been able to recover had the Independent Trustees, interested trustees, advisers and affiliates of those unspecified funds filed timely proofs of claim. Whether styled as a common law negligence claim, a common law breach of fiduciary duty claim or a violation of Section 36(a) of the Investment Company Act of 1940 ("ICA"), plaintiffs' novel legal theory cannot survive a motion to dismiss.

## **ARGUMENT**

The Morgan Stanley Motion identifies four grounds for dismissal. On behalf of the Independent Trustees and to the extent applicable, we adopt and incorporate each of those grounds by reference as if fully set forth herein. For the Court's convenience, we provide a summary of those grounds applicable to the Independent Trustees.

First, plaintiffs lack standing to assert any of their claims because the Complaint fails to allege any "concrete" or "particularized" injury to plaintiffs and, in any event, plaintiffs have no right to pursue relief on behalf of investors in other funds. *See* Morgan Stanley Motion at I A-B.

Second, plaintiffs have no direct claim against the Independent Trustees. Their claims may brought, if at all, only derivatively, and even then only after making a board demand. *Id.* at II A. Plaintiffs have made no demand on the Board. *Id.* at II B.

Third, there is no private right of action under ICA Section 36(a). *Id.* at III C.

KL3:2419923.2

Fourth, plaintiffs' sole federal claim against the Independent Trustees also fails on the merits because Section 36(a) is limited to breaches of duty involving "personal misconduct," which is not alleged here.[2] *Id.* at IV A.

The business judgment rule provides the Independent Trustees with an additional and fifth ground for dismissal.[3] That rule establishes "a presumption that directors of a corporation acted in good faith and in the best interest of the corporation." *Wittman v. Crooke*, 707 A.2d 422, 425 (Md. Ct. Spec. App. 1998). *Accord Harhen v. Brown*, 730 N.E.2d 859, 865 (Mass. 2000). To rebut the presumption of the business judgment rule and withstand a motion to dismiss, a complaint must allege facts that, if accepted as true, establish that directors violated their fiduciary duties of care or loyalty by engaging in fraud, self-dealing or unconscionable conduct, or failing to act in the best interests of the corporation. *See Wittman*, 707 A.2d at 425; *Harhen*, 730 N.E.2d at 865. The Complaint contains no allegations of fraud or self-dealing; the only fiduciary duty possibly at issue in this case is the duty of care, but the Complaint fails to adequately allege facts to establish that the Independent Trustees breached even that duty.

Most fundamentally, the Complaint fails to allege that the Independent Trustees were actually involved in evaluating whether particular funds had potential claims in particular

---

[2] Absent a viable federal claim, the remaining common law claims must be dismissed for lack of subject matter jurisdiction.

[3] The business judgment rule applies to all of plaintiffs' claims against the Independent Trustees, including their ICA Section 36(a) claim. *See Burks v. Lasker,* 441 U.S. 471, 478-89 (1979) ("Congress has never indicated that the entire corpus of state corporation law is to be replaced simply because a plaintiff's cause of action is based upon a federal statute. . . . The ICA . . ., therefore, do[es] not require that federal law displace state laws governing the powers of directors . . . ."). The Morgan Stanley funds are organized variously as Maryland or Massachusetts statutory trusts, and the application of the business judgment rule to all of the claims should therefore be analyzed under the laws of Maryland or Massachusetts. Because plaintiffs fail to specify the funds in which they have an ownership interest, this motion analyzes plaintiffs' claims under the laws of both Maryland and Massachusetts.

- 3 -

class actions or, alternatively, that the Independent Trustees improperly delegated that task to others. These failures are fatal.

The law recognizes that "[t]he realities of modern corporate life are such that *directors cannot be expected manage the day-to-day activities of a company.*" *Rosenblatt v. Getty Oil Co.*, 493 A.2d 929, 943 (Del. 1985) (emphasis added). Accordingly, "[a]n informed decision to delegate a task is as much an exercise of business judgment as any other." *Id.*

This principle most particularly applies to mutual funds. By their very organizational structure, mutual funds are expected to be managed by persons *other than* their directors. *See Burks*, 441 U.S. at 480-81 ("Most funds are formed, sold, and managed by external organizations, . . . that are separately owned and operated . . . .'") (internal citation omitted). Specifically, the law requires fund directors to delegate fund management to competent service providers. *Id.* (The ICA charges independent directors with the responsibility to "review and approve the contracts of the investment adviser and the principal underwriter; the responsibility to appoint other disinterested directors to fill vacancies resulting from the assignment of the advisory contracts; and are required to select the accountants who prepare the company's Securities and Exchange Commission financial filings.") *Id.* at 483 (internal citations omitted). Participation in class action settlements is clearly a task that falls outside the scope of a director's duties and is properly delegable. As such, and inasmuch as the Complaint does not allege that the Independent Trustees improperly selected the Funds' service providers, the business judgment rule fully immunizes the Independent Trustees from any and all liability for

- 4 -

the alleged decision of the Funds' service providers not to participate in certain class action settlements.[4]

## CONCLUSION

WHEREFORE, for the above-stated reasons and for the reasons set forth in the Morgan Stanley Motion, the Independent Trustees respectfully request that this Court enter an order dismissing with prejudice, all of the claims asserted against them.

Dated: New York, New York
June 13, 2005

KRAMER LEVIN NAFTALIS & FRANKEL LLP

*/s/ Charlotte Fischman*
Charlotte Fischman (CF 8351)
Yehudis Lewis (YL 9974)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

*Attorneys for Defendants*
*Michael Bozic, Edwin Garn, Wayne Hedien,*
*Dr. Manuel Johnson, Joseph Kearns, Michael*
*Nugent and Fergus Reid*

---

[4] In any event, the alleged decision not to participate in certain class action settlements is, at worst, an act of simple negligence, which is insufficient to rebut the presumption of the business judgment rule. *See Parish v. Maryland & Virginia Milk Producers Ass'n*, 242 A.2d 512, 540 (Md. 1968) (holding that directors may be liable only for "gross and culpable negligence" in exercise of business judgment). *Accord Allied Freightways, Inc. v. Cholfin*, 91 N.E.2d 765, 768 (Mass. 1950) (holding that directors are not responsible for "mere errors of judgment or want of prudence" but only for "clear and gross negligence").

For the same reason, all of the claims are precluded by the Funds' charters, each of which limits the liability of a trustee to conduct involving only "willful misfeasance, bad faith, gross negligence, or reckless disregard of the duties involved in the conduct of his office." 15 U.S.C. § 80(a) -17(h).