Steven F. Molo (SM 1818)
Brian H. Polovoy (BP 4723)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York  10022-6069
Telephone:  (212) 848-4000
Facsimile:   (212) 848-7179

Attorneys for Defendants Morgan Stanley,
Morgan Stanley Investment Advisors Inc.,
Charles A. Fiumefreddo, and James F. Higgins

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
JOHN MARSHALL EVERETT, PAMELA A.
KRAMER, and WALTER W. LAWRENCE,
on Behalf of Themselves and all Others Similarly
Situated,

                Plaintiffs,

v.

MICHAEL BOZIC, EDWIN J. GARN,
WAYNE E. HEDIEN, DR. MANUEL H.
JOHNSON, JOSEPH J. KEARNS,
MICHAEL E. NUGENT, FERGUS REID,
CHARLES A. FIUMEFREDDO, JAMES F.
HIGGINS, MORGAN STANLEY DEAN
WITTER & CO., INC., MORGAN STANLEY
INVESTMENT ADVISORS, and
JOHN DOES NO. 1 through 100,

                Defendants.
-----------------------------------------------------------------x

05 CV 00296 (DAB)
ECF CASE

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CHARLES A. FIUMEFREDDO AND JAMES F. HIGGINS TO DISMISS THE COMPLAINT

Defendants Charles A. Fiumefreddo and James F. Higgins respectfully submit this memorandum of law in support of their motion to dismiss plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

This case is one of forty-three virtually identical lawsuits filed by the same plaintiffs' counsel against the mutual fund industry. Each of the complaints allege: breach of fiduciary duty (Count I); negligence (Count II); breach of fiduciary duty involving personal misconduct under the Investment Company Act of 1940, as amended, 15 U.S.C. § 80a-1, *et seq.* (the "ICA") § 36(a) (Count III); a claim for excessive advisory fees under ICA § 36(b) (Count IV); and violation of an advisory agreement under ICA § 47(b) (Count V). On June 8, 2005, in the case plaintiffs' counsel brought against the advisors, trustees and affiliates of the Allianz Family of Mutual Funds, the district court entered an order dismissing plaintiffs' complaint *with prejudice.* Mutchka v. Harris, No. SACV 05-34 JVS (C.D. Cal. June 8, 2005).[1] Specifically, the court held that plaintiffs' complaint:

- Failed to state a claim under ICA § 36(b) because "[t]o conclude that <u>any</u> fee is excessive merely because investment advisors allegedly have breached some other fiduciary duty is inconsistent with the meaning of the statute and this is rejected by the Court." (Order at 7.) Moreover, this claim could only be brought derivatively. (Id. at 7.)

- Failed to state a claim under ICA § 36(a) because there is no private right of action under such provision. (Order at 10.)

- Failed to state a claim under ICA § 47(b) because it is remedial in nature and plaintiffs failed to establish violations under ICA §§ 36(a) or 36(b). (Order at 11.)

- Failed to state a claim for breach of fiduciary duty and negligence because the complaint "allege[s] an injury to the funds, and thus must be brought derivatively." Mutchka, slip op. at 13. The court declined to exercise supplemental jurisdiction and dismissed these claims. (Order at 13.)

Fiumefreddo and Higgins, two of the nine trustees (the "Trustees") of various Morgan Stanley mutual funds (the "Funds"), respectfully ask this Court to dismiss the identical complaint filed against the Trustees of the Morgan Stanley Funds.

---

[1] A copy of the order is attached as Exhibit A to the Declaration of Brian H. Polovoy, dated June 13, 2005.

Fiumefreddo and Higgins are named as defendants in this lawsuit, but their names appear nowhere in the Complaint after the paragraph in which they are listed as defendants. In the interest of brevity, Fiumefreddo and Higgins join in and incorporate by reference the arguments set forth in the briefs accompanying the motions to dismiss filed by: (i) Morgan Stanley and Morgan Stanley Investment Advisors Inc. on May 6, 2005; and (ii) their seven fellow trustees on June 13, 2005. We write separately to highlight additional reasons why the Complaint fails to state a cause of action against Fiumefreddo and Higgins with respect to the state law claims of breach of fiduciary duty and negligence.

## PLAINTIFFS' COMPLAINT FAILS TO STATE A CAUSE OF ACTION

Plaintiffs name the Trustees in three Counts of the Complaint: Count I (breach of fiduciary duty); Count II (negligence); and Count III (violation of Section 36(a) of the Investment Company Act of 1940 (the "ICA")). As set forth in Morgan Stanley's memorandum of law, plaintiffs' Complaint fails because: (i) plaintiffs lack standing; (ii) each of the three counts alleged against the Trustees are derivative in nature; (iii) there is no private right of action under Section 36(a) of the ICA; and (iv) plaintiffs make no allegations of personal misconduct as required under ICA § 36(a). Because there is no viable federal claim, the remaining common law claims should be dismissed for lack of subject matter jurisdiction. With respect to Fiumefreddo and Higgins, as trustees, even if there were subject matter jurisdiction, plaintiffs have not and cannot state claims for the state law causes of action, breach of fiduciary duty (Count I) and negligence (Count II).

**Plaintiffs' State Law Allegations Fail to Overcome the Bar Imposed by the Funds' Charters**

The Declaration of Trust of each of the Funds in which plaintiffs alleged they owned shares precludes Trustee liability with respect to the negligence and breach of fiduciary

3

claims alleged in the Complaint. Pursuant to ICA § 17(h), these charters limit the liability of the Trustees *except* when the conduct is alleged to be the result of "willful misfeasance, bad faith, gross negligence, or reckless disregard of the duties involved in the conduct of his office." 15 U.S.C. § 80(a) – 17(h). These charters – each of which is publicly on file with the Securities and Exchange Commission – specifically provide that "[n]o Trustee ... shall be liable to the Trust, its Shareholders ... for any action or failure to act ... except for his bad faith, willful misfeasance, gross negligence, or reckless disregard of his duties."[2] Neither the breach of fiduciary duty nor the negligence counts of the Complaint make any allegations of this nature. The allegations in each of those counts sound in the nature of a straight-forward negligence claim. Accordingly, the Funds' charters bar these claims against the Trustees.

### Plaintiffs' State Law Claims Have Failed To Overcome The Business Judgment Rule

Plaintiffs' breach of fiduciary duty and negligence claims also fail because plaintiffs have not alleged any facts sufficient to overcome the business judgment rule applicable in both Massachusetts and Maryland. See Ellis v. Varney, No. 9801397, 2004 WL 574827, at *37 (Mass. Super. Ct. Jan. 9, 2004) (citations omitted) (under Massachusetts law, directors are protected by the business judgment rule, which shields them from claims based on "errors of judgment or want of prudence"); Wittman v. Crooke, 707 A.2d 422 (Md. App. 1998) (under the business judgment rule, directors of a Maryland corporation are presumed to act in good faith and in the best interests of the corporation). Furthermore, under Massachusetts and Maryland law, the business judgment rule has effectively been codified and a director is presumed to

---

[2] The Declarations of Trust are available from the Securities and Exchange Commission's internet site, www.sec.gov. These filings are properly considered on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991) (on a motion to dismiss, court may consider documents filed with the SEC).

4

perform his or her duty (1) in good faith, (2) in a manner the director reasonably believes to be in the best interests of the corporation, and (3) with the care that an ordinary prudent person in a like position would use under similar circumstances. See Md. Code Ann., Corps. & Ass'ns §2-405.1(a) (1999); Mass. Gen. Laws ch. 156D, §8.30 (2003).

To overcome the business judgment rule, plaintiffs must allege facts rebutting the presumption and establishing that directors engaged in bad faith, self-dealing, fraud, or otherwise acted improperly. See Pederzani v. Guerriere, No. 930502A, 1995 WL 1146832, at *1 (Mass. Super. Ct. Aug. 11, 1995) (under Massachusetts law, "[n]egligence or a failure to use reasonable care in a trustee's management decision does not amount to a cause of action" ); Wittman, 707 A.2d at 425 (under Maryland law, to overcome the business judgment rule, plaintiff must come forward with a "showing ... of fraud, self-dealing or unconscionable conduct to justify judicial review" of that conduct.).

The Complaint does not allege any facts to establish that the Trustees acted with gross negligence, or even that they had any responsibility for the conduct alleged in the Complaint. No facts are pleaded by the plaintiffs that would support claims against the Trustees – indeed, after being named as defendants in paragraph 12, the names of the Trustees are never mentioned again in the Complaint. Accordingly, plaintiffs' state law claims of breach of fiduciary duty (Count I) and negligence (Count II) against the Trustees must be dismissed.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in the Morgan Stanley Memorandum and the Independent Directors Memorandum, plaintiffs' claims against Charles A. Fiumefreddo and James F. Higgins should be dismissed with prejudice.

Dated: New York, New York
      June 13, 2005

Respectfully submitted,

SHEARMAN & STERLING LLP

By: /s/ Brian H. Polovoy
    Steven F. Molo (SM 1818)
    Brian H. Polovoy (BP 4723)

599 Lexington Avenue
New York, New York 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

Attorneys for Defendants Morgan Stanley, Morgan Stanley Investment Advisors Inc., Charles A. Fiumefreddo, and James F. Higgins