UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
JOHN MARSHALL EVERETT, PAMELA A. :
KRAMER, and WALTER W. LAWRENCE, :
on Behalf of Themselves and all Others Similarly :
Situated, :
                        Plaintiffs, :
                                     :     05 CV 00296 (DAB)
               v. :     ECF CASE
                                       :
MICHAEL BOZIC, EDWIN J. GARN, :
WAYNE E. HEDIEN, DR. MANUEL H. :
JOHNSON, JOSEPH J. KEARNS, :
MICHAEL E. NUGENT, FERGUS REID, :
CHARLES A. FIUMEFREDDO, JAMES F. :
HIGGINS, MORGAN STANLEY DEAN :
WITTER & CO., INC., MORGAN STANLEY :
INVESTMENT ADVISORS, and :
JOHN DOES NO. 1 through 100, :
                                       :
                      Defendants. :
---------------------------------------------------------------x

## AMENDED NOTICE OF SUPPLEMENTAL AUTHORITY
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Brian H. Polovoy (BP 4723)      Charlotte Moses Fischman (CF 8351)
SHEARMAN & STERLING LLP      Yehudis Lewis (YL 9974)
599 Lexington Avenue      KRAMER LEVIN NAFTALIS & FRANKEL LLP
New York, New York 10022-6069      1177 Avenue of the Americas
Telephone: (212) 848-4000      New York, New York 10036
    Telephone: (212) 715-9100

Attorneys for Defendants Morgan Stanley,      Attorneys for Defendants Michael Bozic,
Morgan Stanley Investment Advisors Inc.,      Edwin J. Garn, Wayne E. Hedien, Dr. Manuel H.
Charles A. Fiumefreddo, and James F. Higgins      Johnson, Joseph J. Kearns, Michael E. Nugent,
    and Fergus Reid

Defendants respectfully submit this amended notice of supplemental authority in support of their motions to dismiss this lawsuit.[1]

The purpose of this notice is to inform the Court of additional supplemental authority that supports defendants' pending motions to dismiss and to set forth in one document both this additional supplemental authority and the authority in defendant's October 31, 2005 notice of supplemental authority.

### I.     Recent Decisions In Identical Cases

As explained in Morgan Stanley's memorandum of law in support of its motion to dismiss [docket no. 5], this action is one of more than forty substantively identical lawsuits filed by the same plaintiffs' counsel against the mutual fund industry.  Each of the complaints alleges a breach of fiduciary duty involving personal misconduct under § 36(a) of the Investment Company Act of 1940, as amended, 15 U.S.C. § 80a-1, *et seq.* (the "ICA"); a claim for excessive advisory fees under ICA § 36(b); violation of an advisory agreement under ICA § 47(b); and common law claims.

Each of the eight federal district courts that ruled on motions to dismiss these substantively identical complaints has granted the motion and dismissed the lawsuit.  (The other substantively identical complaints were dismissed by plaintiffs.)  These decisions are as follows:

---

[1]  Morgan Stanley and Morgan Stanley Investment Advisors Inc. filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on May 6, 2005 [docket nos. 4-5].  The individual defendants similarly filed motions to dismiss pursuant to Rule 12(b)(6) on June 13, 2005 [docket nos. 17-18, 20-21].  These motions were fully briefed on June 21, 2005 and July 6, 2005, respectively [docket nos. 22, 25-26].  On October 31, 2005, defendants submitted a Notice of Supplemental Authority in Support of Defendants' Motion to Dismiss [docket no. 27].

- Mutchka v. Harris, 373 F. Supp. 2d 1021 (C.D. Cal. 2005) (dismissing identical complaint plaintiffs' counsel filed against Allianz family of mutual funds) (discussed in Morgan Stanley's reply memorandum of law [docket no. 22])

- Jacobs v. Bremner, 378 F. Supp. 2d 861 (N.D. Ill. 2005) (dismissing identical complaint plaintiffs' counsel filed against Nuveen family of mutual funds) (discussed in the letter from Shearman & Sterling LLP to the Court dated July 28, 2005)

- Dull v. Arch, No. 05 C 140, 2005 WL 1799270 (N.D. Ill. July 27, 2005) (dismissing identical complaint plaintiffs' counsel filed against Van Kampen family of mutual funds) (discussed in the letter from Shearman & Sterling to the Court dated July 28, 2005)

- Hogan v. Baker, Civ. No. 305CV0073P, 2005 WL 1949476 (N.D. Tex. Aug. 12, 2005) (dismissing identical complaint plaintiffs' counsel filed against AIM family of mutual funds) (discussed in the letter from Shearman & Sterling to the Court dated Aug. 18, 2005)

- Hamilton v. Allen, 396 F. Supp. 2d 545 (E.D. Pa. 2005) (dismissing identical complaint plaintiffs' counsel filed against Gartmore family of mutual funds)

- Stegall v. Ladner, 394 F. Supp. 2d 358 (D. Mass. 2005) (dismissing identical complaint plaintiffs' counsel filed against John Hancock family of mutual funds)

- Davis v. Bailey, 2005 WL 3527286 (D. Colo. Dec. 22, 2005) (dismissing identical complaint plaintiffs' counsel filed against Janus family of mutual funds)

- Masden v. Bakhru, No. 05 CV 0291 (LAK) (S.D.N.Y. Aug. 29, 2005) (order dismissing identical complaint plaintiffs' counsel filed against Goldman Sachs family of mutual funds; noting motion to dismiss is "well founded" and plaintiffs failed to respond to motion)

## II. Recent Decisions In Cases Raising The Same Legal Issues

Several federal district courts have recently issued opinions granting motions to dismiss that address several of the same legal issues in different contexts. In each of these cases, plaintiffs alleged violations of §§ 36(a) and/or 36(b) of the ICA and common law claims.[2]

## III. The Applicability Of These Recent Decisions To This Case

These recent rulings are relevant to the Court's consideration of defendants' motions to dismiss for the reasons set forth below.

1. These cases hold that there is no private right of action under § 36(a) of the ICA. See Jacobs, 378 F. Supp. 2d at 863-66; Dull, 2005 WL 1799270, at *2-3; Stegall, 394 F. Supp. 2d at 367-72; Hamilton, 396 F. Supp. 2d at 554-55; Davis, 2005 WL 3527286, at *3-5; Mutchka, 373 F. Supp. 2d at 1025-27; Eaton Vance, 380 F. Supp. 2d at 230-33, 403 F. Supp. 2d at 313; Davis Selected, 2005 WL 2509732, at *2; Oppenheimer, 419 F. Supp. 2d at 595; Evergreen, 2006 WL 753000, at *4; Goldman Sachs, 2006 WL 126772, at *5; Yameen, 394 F. Supp. 2d at 352 n.1; Lord Abbett, 407 F. Supp. 2d at 629-32; Franklin, 388 F. Supp. 2d at 464-67; Dreyfus, 2005 WL 3970836, at *3-5; Mut. Funds Inv. Litig., 384 F. Supp. 2d at 868-70.

2. Each of the courts that have reviewed complaints substantively identical to the one in this case have held that plaintiffs failed to set forth allegations sufficient to sustain a

---

[2] See In re Eaton Vance Mut. Funds Fee Litig., 380 F. Supp. 2d 222 (S.D.N.Y. 2005) (discussed in the letter from Shearman & Sterling to the Court dated Aug. 8, 2005), on reconsideration, 403 F. Supp. 2d 310 (S.D.N.Y. 2005); In re Davis Selected Mut. Funds Litig., No. 04 Civ. 4186, 2005 WL 2509732 (S.D.N.Y. Oct. 11, 2005); In re AllianceBernstein Mut. Fund Excessive Fee Litig., No. 04 Civ. 4885, 2005 WL 2677753 (S.D.N.Y. Oct. 19, 2005), on reconsideration, 2006 WL 74439 (S.D.N.Y. Jan. 11, 2006), In re Goldman Sachs Mutual Funds Fee Litig., No. 04 Civ. 2567 (NRB); 2006 WL 126772 (S.D.N.Y. Jan. 17, 2006); In re Oppenheimer Funds Fee Litig., 419 F. Supp. 2d 593 (S.D.N.Y. 2006), on reconsideration, ___ F. Supp. ___, 2006 WL 864574 (S.D.N.Y. Apr. 5, 2006); In re Evergreen Mutual Funds Fee Litig., ___ F. Supp. ___, 2006 WL 753000 (S.D.N.Y. Mar. 24, 2006); In re Morgan Stanley and Van Kampen Mutual Fund Sec. Litig., No. 03 Civ. 8208 (RO), 2006 WL 1008138 (S.D.N.Y. Apr. 18, 2006); In re Lord Abbett Mut. Funds Fee Litig., 407 F. Supp. 2d 616 (D.N.J. 2005); In re Franklin Mut. Funds Excessive Fee Litig., 388 F. Supp. 2d 451 (D.N.J. 2005); In re Dreyfus Mut. Funds Fee Litig., 2005 WL 3970836 (W.D. Pa. Sept. 30, 2005); In re Mut. Funds Inv. Litig., 384 F. Supp. 2d 845 (D. Md. 2005); Yameen v. Eaton Vance Distribs., Inc., 394 F. Supp. 2d 350 (D. Mass. 2005).

3

claim under § 36(b) of the ICA.  See Jacobs, 378 F. Supp. 2d at 867-69; Dull, 2005 WL 1799270, at *3; Stegall, 394 F. Supp. 2d at 372-78; Hamilton, 396 F. Supp. 2d at 556-58; Hogan, 2005 WL 1949476, at *5-6; Davis, 2005 WL 3527286, at *5-6; Mutchka, 373 F. Supp. 2d at 1024-25.  Similarly, in cases alleging excessive brokerage commissions, the Eaton Vance, Davis Selected, Evergreen, Oppenheimer, Goldman Sachs, and Morgan Stanley courts in this District have held that allegations of improper management of fund assets did not state a claim under § 36(b).  See Eaton Vance, 380 F. Supp. 2d at 236-38, 403 F. Supp. 2d at 320; Davis Selected, 2005 WL 2509732, at *3; Evergreen, 2006 WL 753000, at *5-7; Oppenheimer, 2006 WL 864574, at *1; Goldman Sachs, 2006 WL 126772, at *7-10; Morgan Stanley, 2006 WL 1008138, at *11-12.

   3. Section 47(b) of the ICA does not provide an independent cause of action; rather, § 47(b) provides a remedy for a violation of another section of the ICA.  See Jacobs, 378 F. Supp. 2d at 869; Dull, 2005 WL 1799270, at *3; Stegall, 394 F. Supp. 2d at 378; Hamilton, 396 F. Supp. 2d at 558-59; Davis, 2005 WL 3527286, at *6.  Accordingly, after dismissing plaintiffs' claims under both §§ 36(a) and 36(b) of the ICA, the Jacobs, Dull, Stegall, Hamilton, and Davis courts held that plaintiffs failed to state a claim under § 47(b).

   4. Following the dismissal of plaintiffs' claims under federal law, the Jacobs, Dull, and Davis courts declined to exercise supplemental jurisdiction over plaintiffs' state law claims.  See Jacobs, 378 F. Supp. 2d at 869; Dull, 2005 WL 1799270, at *4; Davis, 2005 WL 3527286, at *7.

   5. Because plaintiffs' allegations "relate to a diminution in the total assets of the Funds and only derivatively did this injury harm each shareholder," under the applicable law of either Massachusetts or Maryland, plaintiffs' action could only be brought derivatively, and

not directly (as plaintiffs did here).  Stegall, 394 F. Supp. 2d at 364-67 (applying Massachusetts law to the same allegations in this action); see Davis Selected, 2005 WL 2509732, at **3-4 (applying Maryland law and holding that action asserting diminution in share value must be brought derivatively); Oppenheimer, 419 F. Supp. 2d at 595-96 (same, applying Maryland and Massachusetts law); AllianceBernstein, 2005 WL 2677753, at *4 (noting that Massachusetts and Maryland employ similar legal standards regarding derivative actions and holding that breach of fiduciary duty claim alleging reduction in share value must be brought derivatively under both standards).  Further, as reiterated in Stegall, pre-suit demand for derivative actions is never excused under Massachusetts law (for actions initiated after July 1, 2004, "'demand must be made prior to the commencement of every derivative case, whether or not the directors are independent with respect to the subject matter of the demand'").  394 F. Supp. 2d at 367 (citation omitted); see Yameen, 394 F. Supp. 2d at 352 n.1 (dismissing plaintiff's breach of fiduciary duty claim since plaintiff failed to make a demand upon the board as required under Massachusetts law).

      6.     Plaintiffs lack standing to assert claims on behalf of funds in which they hold no ownership interest.  See Stegall, 394 F. Supp. 2d at 361-63; AllianceBernstein, 2005 WL 2677753, at *9-10.  Plaintiffs' ownership interest in certain funds does not enable them to "bootstrap claims arising out of investment decisions made in relation to other funds in which [they were] not [] participant[s]."  Stegall, 394 F. Supp. 2d at 363.

We respectfully request that the Court consider these opinions in connection with defendants' pending motions to dismiss the complaint.

Dated: New York, New York
May 16, 2006

Respectfully submitted,

| SHEARMAN & STERLING LLP | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
|---|---|
| By:  /s/ Brian H. Polovoy  <br>      Brian H. Polovoy (BP 4723) | By:  /s/ Charlotte Moses Fischman  <br>      Charlotte Moses Fischman (CF 8351)  <br>      Yehudis Lewis (YL 9974) |
| 599 Lexington Avenue  <br>New York, New York 10022-6069  <br>Telephone:  (212) 848-4000 | 1177 Avenue of the Americas  <br>New York, New York 10036  <br>Telephone:  (212) 715-9100 |
| Attorneys for Defendants Morgan Stanley, Morgan Stanley Investment Advisors Inc., Charles A. Fiumefreddo, and James F. Higgins | Attorneys for Defendants Michael Bozic, Edwin J. Garn, Wayne E. Hedien, Dr. Manuel H. Johnson, Joseph J. Kearns, Michael E. Nugent, and Fergus Reid |