injuries alleged under those counts are derivative in nature and were improperly brought as a direct action against the Defendants. Further, because Plaintiffs have made no showing of having followed Rule 23.1, the action may not be refiled as a derivative suit. Defendants' Motion to Dismiss Count IV is GRANTED because the Complaint fails to allege excessive advisory fees, therefore no injuries alleged fall within the meaning § 36(b). The Clerk of the Court is directed to close this case.

SO ORDERED

DATED:    New York, New York
          August 2, 2006

                                    _____
                                    DEBORAH A. BATTS
                                    United States District Judge

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
JOHN MARSHALL EVERETT, PAMELA A.
KRAMER, and WALTER W. LAWRENCE,
on Behalf of Themselves and all
Others Similarly Situated

                  Plaintiffs,

            -against-                    05 Civ. 00296 (DAB)
                                         MEMORANDUM & ORDER
MICHAEL BOZIC, EDWIN J. GARN,
WAYNE E. HEIDEN, DR. MANUEL H.
JOHNSON, JOSEPH J. KEARNS,
MICHAEL E. NUGENT, FERGUS REID,
CHARLES A. FIUMEFREDDO, JAMES F.
HIGGINS, MORGAN STANLEY DEAN
WITTER & CO., INC., and JOHN
DOES NO. 1 through 100,

                  Defendants.
---------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

John Marshall Everett, Pamela A. Kramer, and Walter W. Lawrence ("Plaintiffs") bring this action on their own behalf and as class representatives of others similarly situated, against various directors, advisors, and affiliates of the Morgan Stanley Family of Funds ("Defendant"), alleging breach of fiduciary duty, negligence, and violations of various sections of the Investment Company Act of 1940, 15 U.S.C. § 80a et seq. Defendants move to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief

can be granted.[1]  For the reasons stated below, Defendants' motion is GRANTED.

## I. BACKGROUND

Plaintiffs are shareholders of mutual funds within the Morgan Stanley Family of Funds (Funds).  They have brought this class action alleging, on information and belief, that Defendants failed to ensure that the Funds participated in various securities class action settlements, for which the Funds were eligible. (Compl. ¶ 1.)  Plaintiffs allege that enrollment in these settlements would have increased the overall assets of the Funds, and that failure to enroll injured the Funds' shareholders because "monies contained in dozens of settlement Funds, which rightfully belonged to the Funds' investors have gone unclaimed." (Id. ¶¶ 5, 25.)

---

[1] The Defendants are divided into three groups for the purpose of this Motion to Dismiss: the Independent Trustee Defendants (comprised of Michael Bozic, Edwin Garn, Wayne Hedien, Dr. Manuel Johnson, Joseph Kearns, Michael Nugent, and Fergus Reid); the Morgan Stanley Defendants (comprised of Morgan Stanley (sued as Morgan Stanley Dean Witter & Co., Inc.) and Morgan Stanley Investment Advisors Inc.); and the Fiumefreddo & Higgins Defendants (comprised of Charles A. Fiumefreddo and James F. Higgins).  The Independent Trustee Defendants join in the Morgan Stanley Defendants' Motion to Dismiss and the Fiumefreddo & Higgins Defendants join in both the Morgan Stanley Defendants' and the Independent Trustee Defendants' Motions to Dismiss.

Plaintiffs seek relief from Defendants on five counts: breach of fiduciary duty; negligence; violation of § 36(a) of the Investment Company Act of 1940 (ICA); violation of § 36(b) of the ICA; and violation of § 47(b) of the ICA. (Compl. at 15-17.)

This action is one of more than 40 virtually identical actions filed by Plaintiffs' counsel against major U.S. mutual fund companies,[2] including three in the Southern District of New York.  See Polivka v. Auch, No. 05 CV 297 (BSJ) and Glickman v. Berman, No. 05 CV 288 (GEL) (both of which were voluntarily dismissed); and Masden v. Paulson, No. 05 CV 291 (LAK) (which was dismissed by the court).

Defendants in the instant case seek dismissal of all five causes of action on several bases.  The Morgan Stanley Defendants argue that Plaintiffs lack standing to bring this action; that Counts I, II, III, and V are derivative in nature, and that

---

[2] See, e.g., Dull v. Arch, 2005 U.S. Dist. LEXIS, 14988, 2005 WL 1799270 (N.D. Ill. July 27, 2005) (dismissing identical complaint against Van Kampen family of mutual funds); Hamilton v. Allen, 396 F. Supp. 2d 545 (E.D. Pa. 2005) (dismissing identical complaint against Gartmore family of mutual funds); Hogan v. Baker, 2005 U.S. Dist LEXIS 16888, 2005 WL 1949476 (N.D. Tex. Aug. 12, 2005) (dismissing identical complaint against Aim family of funds); Jacobs v. Bremner, 378 F. Supp. 2d 861 (N.D. Ill. 2005) (dismissing identical complaint against Nuveen family of mutual funds); Mutchka v. Harris, 373 F. Supp. 2d 1021 (C.D. Cal. 2005) (dismissing identical complaint against Allianz family of mutual funds); Stegall v. Ladner, 394 F. Supp. 2d 358, (D. Mass. 2005) (dismissing identical complaint against John Hancock family of mutual funds).

Plaintiffs therefore have no right to bring a direct action, and that even if Plaintiffs had brought the action as a derivative suit, Plaintiffs failed to follow the Federal Rules of Civil Procedure governing such suits; that there is no private right of action under ICA § 36(a) or ICA § 47(b); that Plaintiffs have failed to state a claim under the ICA because § 36(a) applies only to breaches of duty involving "personal misconduct," because § 36(b) applies only to remedy excessive advisory fees, and because § 47(b) is a remedial provision that cannot be invoked without violations of other parts of the code; and that Plaintiffs' state law claims are precluded by the Funds' Investment Advisory Agreement.  (Morgan Stanley Defs.' Mem. at 4-5, 9, 11-12; Morgan Stanley Defs.' Reply Mem. at 7.)  The Independent Trustee Defendants also argue that the Complaint should be dismissed based on the business judgment rule. (Independent Trustee Defs.' Mem. at 3.)  Additionally, the Fiumefreddo & Higgins Defendants argue that Plaintiffs' state law allegations of negligence and breach of fiduciary duty fail to overcome the bar imposed by the Funds' charter, which precludes trustee liability for such claims.[3]  (Fiumefreddo & Higgins

---

[3] The Court notes that while Plaintiffs filed opposition papers to the Independent Trustee and Fiumefreddo & Higgins Defendants' motions, they chose not to respond substantively to their arguments.

4

Defs.' Mem. At 3-4.)  For the following reasons, Defendants' motion to dismiss is GRANTED.

## II. DISCUSSION

A. Rule 12(b)(6) Dismissal

In a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff." Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995) (citations omitted). For purposes of a motion to dismiss, a complaint is deemed to include "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) (citations omitted). "The district court should grant such motion only if, after viewing plaintiff's allegations in this favorable light, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999) (quoting Bolt, 53 F.3d at 469).  A court's review of such a motion is limited and "the issue is not whether a plaintiff will ultimately

5

prevail but whether the claimant is entitled to offer evidence to support the claims." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996) (quotations omitted).  However, a court does not have to accept as true "conclusions of law or unwarranted deductions of fact." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994).

B. Counts I, II, III, and V

Among their arguments, Defendants contend that Plaintiffs cannot bring a direct suit against the Funds for counts I, II, III, and V because those counts are derivative in nature. Further, Defendants argue that a derivative suit could not succeed because Plaintiffs failed to make a pre-suit demand on the trustees, as required by Federal Rule of Civil Procedure 23.1.[4]  Plaintiffs respond that the direct action is properly

---

[4] 
> In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, [t]he complaint shall . . . allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort.

Fed. R. Civ. P. 23.1

6

brought because Plaintiffs were injured directly, and that Rule 23.1 does not apply to direct actions.[5]

The law of the state in which a mutual fund is incorporated governs whether a claim brought by the funds shareholder should be brought directly or derivatively. See <u>Kamen v. Kemper Fin. Servs.</u>, 500 U.S. 90, 108-09 (1991); <u>Strougo v. Bassini</u>, 282 F.3d 162, 168-69 (2d Cir. 2002). According to Defendants, and undisputed by Plaintiffs, the Funds in the instant case appear to be organized in Massachusetts as business trusts, although some of the Funds may have been organized as Maryland corporations. (Morgan Stanley Defs.' Mem. at 5-6, n.3.) Under Massachusetts law, business trusts are treated like corporations when determining whether an action is direct or derivative. <u>Green v. Nuveen Advisory Corp.</u>, 186 F.R.D. 486, 489 n.2 (N.D. Ill. 1999) (analyzing funds under Massachusetts law and citing cases); <u>Greenspun v. Lindley</u>, 36 N.Y.2d 473, 478 (N.Y. 1975) (analyzing funds under Massachusetts law).

In Massachusetts, an

> action is derivative if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual shareholders, or if it

---

[5] Plaintiffs do not deny that they made no pre-suit demand on the trustees.

>seeks to recover assets for the corporation or to prevent the dissipation of its assets.

Farragut Mortgage Co. v. Arthur Andersen LLP, 10 Mass. L. Rep. 285, 1999 Mass Super. LEXIS 284, 1999 WL 823656 at 17 (Mass. Super. Ct. 1999) (citing 12B Fletcher, Cyclopedia of the Law of Private Corporations, § 5911); see also Jackson v. Stuhlfire, 547 N.E.2d 1146, 1148 (Mass. App. Ct. 1990) (holding that a wrongdoing allegedly committed by corporate officers or directors normally states a claim against the corporation, which is indirect to the shareholders).  Similarly, under Maryland law, "a stockholder cannot sue individually to recover damages for injuries to the corporation."  Goodman v. Poland, 395 F. Supp. 660, 687 (D. Md. 1975).  In either case, only if the shareholder can show an injury distinct from the injury suffered by the corporation, can he or she bring a direct suit.  See Blasberg v. Oxbow Power Corp., 934 F. Supp. 21, 26 (D. Mass 1996).

Courts analyzing Massachusetts and Maryland law generally have found that a reduction in share price is an indirect injury, the remedy for which may be found in a derivative action.  See, e.g., Strougo v. Bassini, 282 F.3d 162, 176-77 (2d Cir. 2002) (analyzing Maryland law); In re Eaton Vance Mut. Funds Fee Litig., 380 F.Supp.2d 222, 233-34 (S.D.N.Y. 2005) (analyzing Massachusetts law); Blasberg, 934 F. Supp. 21, 26; Hurley v. Fed.

8

Deposit Ins. Co., 719 F. Supp. 27, 30 (D. Mass 1989); Waller v. Waller, 49 A.2d 449, 452 (Md. 1946).

Plaintiffs argue that the unique structure of a mutual fund allows a shareholder to bring a direct suit against the fund for diminution of share price because the injury directly affects the shareholder instead of or in addition to injury of the corporation. (Pls.' Mem. at 9.)  According to their argument, any diminution of share price is immediately passed on from the fund to the shareholders because each individual investor's share is calculated on a daily basis as the "per share net asset value." (Id. at 10.)  "Accordingly, mutual funds are unlike conventional corporations in that any increase or decrease in fund assets is immediately passed on directly to the fund investors."  (Id. at 10.)  Plaintiffs cite Strigliabotti v. Franklin Resources, Inc., 2005 U.S. Dist Lexis 9625, *25 (N.D. Cal. March 7, 2005), which held that in the context of a mutual fund, "individual investors, who own the Funds' assets and bear its expenses directly on a pro rata basis" may bring a direct action.  (Pls.' Mem. at 10.)  Plaintiffs also cite Strougo v. Bassini, 282 F.3d 162 (2d Cir. 2002) and In re ML-Lee Acquisition Fund II, L.P., 848 F. Supp. 527, 562 (D. Del. 1994), are cases where the courts allowed mutual fund shareholders to bring direct suits under the ICA. (Pls.' Mem. at 8, n.3.)

9

The Court finds that Plaintiffs' claims are derivative in nature.  Plaintiffs' characterization of mutual funds "does not distinguish them in any material way from traditional corporations."  Stegall v. Ladner, 394 F. Supp. 2d 358, 365 (D. Mass 2005) (analyzing same argument as Plaintiffs pose here). Plaintiffs' attempt to distinguish mutual fund ownership and stock ownership is insufficient to transform their claims from derivative to direct.  While an increase or decrease in the Funds' assets may be calculated on a nearly continuous basis as the per share net asset value, such a calculation is no different than the fluctuating daily prices of shares held by stockholders of publicly traded corporations, and similarly is of no consequence until the assets are distributed.  Further, while the mutual fund participants have a right to those assets, "that right derives from--is derivative of—-the fund."  Stegall, 394 F. Supp. 2d 358 at 366.

Although Strigliabotti seemingly supports Plaintiffs' argument, that case was decided under California law, and has not been followed in numerous subsequent decisions, in particular by the various courts that have addressed the substantially identical complaints filed by Plaintiffs' counsel.  Other courts have reasoned that an investor of stocks or mutual funds is "not injured by a diminution in share value until he sells his shares

10

and 'the fact that the funds' value is calculated daily does not make the alleged injury any more direct.'" Hogan v. Baker, 2005 U.S. Dist LEXIS 16888, at *13, 2005 WL 1949476 at *4 (quoting Mutchka v. Harris, 373 F. Supp. 2d 1021, 1028 (C.D. Cal. 2005)).

Further, other cases cited by Plaintiffs do not support their argument that they are entitled to bring about a direct suit under the ICA.  In both Strougo, 282 F.3d 162, and In re ML-Lee Acquisition Fund II, 848 F.Supp. 527, 532, the plaintiffs were able to show an injury independent of injury to the funds. In the instant case, Plaintiffs only have alleged a potential diminution of share prices as a result of the acts of the Defendants.  Having made no showing of a direct injury to shareholders, the Court finds that Plaintiffs' claims are derivative in nature.  In so holding, the Court joins the numerous other district courts that have rejected the same argument from Plaintiffs' counsel.  See Hamilton v. Allen, 396 F. Supp. 2d 545; Hogan, 2005 U.S. Dist LEXIS 16888, 2005 WL 1949476; Jacobs v. Bremner, 378 F. Supp. 2d 861; Mutchka, 373 F. Supp. 2d 1021; Stegall, 394 F. Supp. 2d 358.

Plaintiffs make a final argument that their claims are properly brought in a direct action by stating that, "Defendants have breached a fiduciary duty owed directly to Plaintiffs and the putative class members." (Pls.' Mem. at 11.)  Whether such a

11

direct duty exists or not, the argument is without merit because Plaintiffs cannot show an injury distinct from that of the corporation.  See Hogan, 2005 U.S. Dist LEXIS 16888, at *14, 2005 WL 1949476, at *4; Mutchka, 373 F. Supp. 2d 1021.

Because Plaintiffs' claims are derivative, Defendants' motion to dismiss Counts I, II, III, and V is GRANTED.  Further, Plaintiffs may not re-file this action as a derivative suit, because they have made no showing of having complied with Federal Rule of Civil Procedure 23.1, which requires shareholders to make a pre-suit demand on the board of directors.

C. Count IV

Having dismissed all other counts, the only issue left for consideration is whether Plaintiffs properly have alleged a claim under ICA § 36(b), as alleged in Count IV.  Section 36(b) of the ICA provides that:

> the investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or of payments of a material nature, paid by such registered investment company, or by the security holders thereof, to such investment adviser . . . . An action may be brought under this subsection by . . . a security holder of such registered company on behalf of such company . . . .

15 U.S.C. § 80a-35(b).  Section 36(b) therefore only provides a cause of action for breaches of fiduciary duty that involve the

12

fees an investment advisor charges in compensation for services. More specifically, "Section 36(b) is sharply focused on the question of whether the fees themselves were excessive . . . ." Migdal v. Rowe Price-Flemming Int'l., 248 F.3d 321, 328 (4th Cir. 2001); see also Pfeiffer v. Bjurman, Barry & Assocs., 97 Civ. 9741, 2004 U.S. Dist. LEXIS 16924, *12 (S.D.N.Y. Aug. 27, 2004) ("To violate Section 36(b), 'the adviser-manager must charge a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining.'") (quoting Gartenberg v. Merrill Lynch Asset Management, Inc., 694 F.2d 923, 928 (2d Cir. 1982)).

Defendants argue that the instant action under this provision is inappropriate because Plaintiffs' allegations do not concern any breach of fiduciary duty with respect to the receipt of compensation for services. (Morgan Stanley Defs.' Mem. at 12.) In response, Plaintiffs argue that Defendants breached their fiduciary duty, and the result of that breach is that Defendants are not entitled to any compensation whatsoever from the Plaintiffs or the class. (Pls.' Mem. at 17.) Plaintiffs argue that any and all fees received by the Defendants from the Plaintiffs were excessive.

The Court is not persuaded by Plaintiffs' argument. If the

13

court were to accept Plaintiffs' broad interpretation of § 36(b), "then a claim always would be tenable under Section 36(b) whenever an investment advisor breached any fiduciary duty." Mutchka, 373 F. Supp. 2d 1021, 1025. Such an interpretation would contravene the meaning of the statute, which is to provide a cause of action against investment advisors who charge excessive fees. Id. See also Migal, 248 F.3d at 329 (holding that a general breach of fiduciary claims is not properly within the scope of section 36(b)).

The Court therefore finds that, because the Complaint fails to allege the charging of excessive fees, the actions complained of do not fall within the meaning of §36(b) of the ICA. Other district courts also have rejected this argument from Plaintiffs' counsel for the same reasons. See, e.g., Hogan, 2005 U.S. Dist LEXIS 16888, 2005 WL 1949476; Mutchka, 373 F. Supp. 2d 1021; Stegall, 394 F. Supp. 2d 358. Defendants' motion to dismiss Count IV is GRANTED.

### III. CONCLUSION

Because the Court dismisses all the claims, it does not address Defendants' other bases for dismissal. Defendants' Motion to Dismiss Counts I, II, III, and V is GRANTED because the